IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES DONALD PETERSON,

                                                                                                                                       ORDER

                        Petitioner,

                                                                                                                99-cv-426-bbc

     v.

JUDY SMITH,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner James Donald Peterson filed this lawsuit in 1999 under 28 U.S.C. § 2254, challenging a conviction for sexual assault of a child. In November 1999, I dismissed the case for petitioner's failure to exhaust his remedies in state court. Dkt. #19.

      Now, more than 15 years later, petitioner has filed what he calls a "motion to reinstate petition for writ of habeas corpus" in which he says that he has exhausted his state court remedies by following the procedure in State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), for pursuing a claim for ineffective assistance of appellate counsel. Dkt. #30. He has attached a February 2014 decision from the Wisconsin Court of Appeals and an August 2014 denial of his petition for review with the Wisconsin Supreme Court.

      I am denying the motion. The Federal Rules of Civil Procedure do not provide a mechanism for "reinstating" a dismissed habeas petition. Fed. R. Civ. P. 60 allows district courts to vacate a judgment under certain circumstances, but petitioner does not suggest that

he has met the requirements of that rule. Rather, when a case is dismissed without prejudice, the general rule is that the party must file a *new* lawsuit if he believes he has cured the defect that required the dismissal. Paul v. Marberry, 658 F.3d 702, 704 (7th Cir. 2011) ("[A]ll that 'dismissal without prejudice' means is that the plaintiff can *refile* his suit if he corrects the error or other deficiency that caused the suit to be dismissed.") (emphasis added).

If petitioner chooses to file a new petition, he may wish to address the potential problem of procedural default. The decision petitioner attaches shows that the state court of appeals declined to consider the substance of his arguments because they were "unexplained, undeveloped and unsupported." Dkt. #30-3.

When the petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or (2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. Perruquet, 390 F.3d at 514; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). If a petitioner has procedurally

defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) cause for the default and actual prejudice from failing to raise the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." Steward v. Gilmore, 80 F.3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

Because the Wisconsin Court of Appeals rejected petitioner's claim on procedural grounds, his petition in this court may be dismissed unless he shows that the procedural default doctrine should not apply under the circumstances of this case.

ORDER

IT IS ORDERED that James Donald Peterson's "motion to reinstate petition for writ of habeas corpus," dkt. #30, is DENIED.

Entered this 26th day of January, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge